IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VALLIENT CHARLES MOORE,

    Petitioner,                   No. 2:07-cv-00261 ALA HC

    vs.

ROBERT HOREL, Warden, et al.,      ORDER

    Respondent.

_____/

       Petitioner Vallient Charles Moore, a state prisoner, filed an application for habeas corpus relief on February 2, 2007, based on alleged violations of his federal constitutional rights. Respondent, Robert Horel, the warden of the Solano State Prison has filed a motion to dismiss the application which asserts that it should be dismissed without considering the merits of Petitioner's claims because it is barred by the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, 28 U.S.C. § 2244(d).

       In his opposition, Petitioner contends that the statute of limitations had not run when he filed his § 2254(a) application because the delay in doing so "was not excessive for a pro se inmate with no legal training." The motion to dismiss will be granted because Petitioner has failed to demonstrate that he filed his § 2254(a) application within the one-year statute of limitations.

**I**

Petitioner was convicted of second degree murder and sentenced to some fifteen years to life in the Alameda County Superior Court. Petitioner claims that his due process rights were violated in a September 20, 2004 disciplinary proceeding wherein he was found guilty of battery of another inmate. Petitioner's final administrative appeal was rejected on July 6, 2005. Respondent concedes that the statute of limitations for the exhaustion of his administrative appeal was tolled until that date.

**II**

**A**

Petitioner filed a state petition for habeas corpus relief in the Solano County Superior Court on June 7, 2006, 335 days after his administrative appeal was rejected. The Solano Superior Court denied his petition on August 9, 2006.

**B**

Petitioner filed a petition for habeas corpus relief before the California Court of Appeal for the First District. It was denied on August 31, 2006.

**C**

Petitioner filed a state petition for habeas corpus relief in the California Supreme Court. It was denied on October 25, 2006. Petitioner filed the pending application for habeas corpus relief on February 9, 2007, 107 days after the California Supreme Court denied his habeas corpus petition. Thus, a total of 442 days elapsed from the time his administrative appeal was denied.

**III**

**A**

The limitation provisions of AEDPA that apply here read as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.

> The limitation period shall run from the latest of – the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

Section 2244(d)(1) sets forth a tolling provision of the one-year statute of limitations quoted above in the following words:

"The time during which a properly filed application for state post-conviction or other collateral review with respect for the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Pursuant to 28 U.S.C. § 2244(d)(1)(D), the one-year statute of limitations start to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *See Shelby v. Bartlett*, 391 F.3d 1061, 1066 (9th Cir. 2004) (holding that the factual basis of a habeas petition is a parole board's denial of an administrative appeal).

Here the statute of limitations was tolled between the time Petitioner exhausted his state post-conviction remedies and the denial of his claims by the California Supreme Court. *See Evans v. Chavis*, 546 U.S. 189, 192-93 (2006). In his opposition to the Respondent's motion for summary judgment, Petitioner concedes that he filed his state petition for habeas corpus relief 335 days after his administrative appeal was denied. He also acknowledges that he did not file his § 2254(a) application until 107 days had elapsed from the denial of his petition by the California Supreme Court. Thus, his § 2254(a) application was filed seventy-seven days after the statute of limitations had run. Petitioner argues that the statute of limitations should be tolled during these delays because he "had to study and learn the basics of California law" and "to familiarize himself with federal filings and the Rules of Court." He cites no authority for this argument. Ignorance of the law is not an extraordinary circumstance that warrants the invocation of the doctrine of equitable tolling. *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

3

1  Good cause appearing therefore, it is HEREBY ORDERED that Petitioner's application
2  for a writ of habeas corpus is dismissed because it was untimely filed.
3  /////
4  DATED: March 10, 2008

/s/ Arthur L. Alarcón
UNITED STATES CIRCUIT JUDGE
Sitting by Designation